Samuel BAYER, Petitioner,

v.

**COMMODITY FUTURES TRADING COMMISSION and Quentin V. Parman, Respondents.**

No. 80–1113.

United States Court of Appeals, Eighth Circuit.

Submitted July 25, 1980.

Decided July 31, 1980.

---

Samuel Bayer, pro se.

Quentin V. Parman and John G. Gaine, Gregory C. Glynn, Glynn L. Mays, and Charles R. Mills, Commodity Futures Trading Commission, Washington, D. C., for respondents.

Before STEPHENSON, HENLEY and McMILLIAN, Circuit Judges.

PER CURIAM.

Samuel Bayer, acting pro se, has filed his petition for review of a reparation award against him made by the Commodity Futures Trading Commission (Commission) and has requested leave to proceed in forma pauperis without deposit of the security bond required under section 14(g) of the Commodity Exchange Act, 7 U.S.C. § 18, because he is financially unable to provide such a bond.

Preliminarily, the court requested respondents to address the questions:

1) Whether an in forma pauperis appeal is legally available from a reparation award;

2) Whether the bond provision of 7 U.S.C. § 18 is valid in whole or in part as applied to one who cannot make bond;

3) Whether a registrant who appeals in forma pauperis without bond loses trading privileges; and

4) Whether the petition for review was timely filed so as to confer jurisdiction on this court.

At the same time the court issued its order requiring the petitioner to show cause why the petition should not be dismissed as untimely filed.

While each of the questions propounded holds interest, we pretermit further discussion of them because we have determined that the petition must be dismissed as untimely filed.

In 1977 Quentin V. Parman filed a reparation complaint with the Commission under the provisions of section 14(a) of the Commodity Exchange Act, 7 U.S.C. § 18(a), against Bayer and London Commodity Options, Ltd., alleging that Bayer, while employed by London failed to execute Parman's order to purchase one sugar futures contract.[1] After a hearing before an Administrative Law Judge and review by the Commission an award of $4922.00 plus a $25.00 filing fee was made final in favor of Parman as of fifteen days after November 9, 1979. On January 8, 1980 petition for reconsideration was denied by the Commission. Copy of that order was received by Bayer on January 13, 1980.[2]

By January 17, 1980 Bayer, acting pro se then as now, advised the Commission by mailgram that he intended to appeal, and in that connection he requested an extension of time within which to supply proof to the Commission of the filing of the appeal and the filing of a bond in accordance with section 14(g) of the Act, 7 U.S.C. § 18(g).

About the same time he made inquiry of the clerk of this court concerning filing procedures.

On February 8, 1980 Bayer lodged with the clerk his petition for review which was not filed until February 11, 1980 on which date the filing fee was paid.

Section 14(g) of the Act, 7 U.S.C. § 18(g), in speaking of review, says in part:

(g) Any order of the Commission entered hereunder shall be reviewable on petition of any party aggrieved thereby, by the United States Court of Appeals

---

1. Gregory Commodity Options, Inc. was also initially named as a respondent in the complaint, but the complaint as to Gregory was dismissed.

2. For purposes of timeliness we treat the petition for review as attacking the order of January 8, 1980 although the petition in terms seeks review of the initial reparation decision made April 5, 1979.

for any circuit in which a hearing was held, or if no hearing was held, any circuit in which the appellee is located, under the procedure provided in section 9 of this title. Such appeal shall not be effective unless within 30 days from and after the date of the reparation order the appellant also files with the clerk of the court a bond in double the amount of the reparation awarded against the appellant conditioned upon the payment of the judgment entered by the court, plus interest and costs, including a reasonable attorney's fee for the appellee, if the appellee shall prevail. . . .

Section 14(g), however, makes reference to the procedures set forth in section 6(b) of the Act, 7 U.S.C. § 9, which in pertinent part provides:

. . . After the issuance of the order by the Commission, the person against whom it is issued may obtain a review of such order or such other equitable relief as to the court may seem just by filing in the United States court of appeals of the circuit in which the petitioner is doing business a written petition, within fifteen days after the notice of such order is given to the offending person praying that the order of the Commission be set aside. . . .

It must be conceded that reference in section 14(g), 7 U.S.C. § 18(g), to a period of thirty days and reference in section 6(b), 7 U.S.C. § 9, to a period of fifteen days may be confusing, at least to a lay pro se petitioner. However, under either time period Bayer must lose.

The petition for review lodged February 8, 1980 (actually filed February 10, 1980) was filed neither within thirty days from and after the date of the Commission order of January 8, 1980 as provided by section 14(g), 7 U.S.C. § 18(g), nor within fifteen days after notice of the order was given as provided by section 6(b), 7 U.S.C. § 9.

We are aware that at times courts have exempted pro se petitioners from rigid time dictates of statutory procedures when their informal efforts fall within essential requirements of the statute. *Haltmier v.*

*Commodity Futures Trading Commission,* 554 F.2d 556, 559 n.1 (2d Cir. 1977). But here petitioner does not meet the most lenient standard. He knew that he wished to appeal and spoke to the clerk of court about appeal procedures. In connection with a prompt stay request he advised the Commission that he intended to appeal and had spoken to the clerk of court. But he never timely filed with the clerk or anyone else a scrap of writing that can be considered as a notice of appeal within the essential requirements of the statute.

In the circumstances, we are compelled to hold that we have no jurisdiction to proceed and that the petition for review must be, and it is, dismissed as untimely.